UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
_____X

| | | |
|---|---|---|
| JENNY JOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 07-CV-4153 |
| | § | |
| WW JFK LLC dba RAMADA PLAZA | § | |
| HOTEL; and as individuals, MARY | § | |
| BIRMINGHAM, ALI CHIANI, ROBERT | § | |
| SANTUCCI and RENE PERIERA, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANTS' STATEMENT
## OF ELEMENTS OF DEFENSES AND SUMMARY OF FACTS

---

ANDREWS KURTH LLP

By: _/s/ Matthew L. Hoeg_
      Matthew L. Hoeg
      State Bar No 09772880
      600 Travis, Suite 4200
      Houston, Texas  77002
      Telephone:  (713) 220-4012
      Facsimile:  (713) 238-7428

ATTORNEYS FOR DEFENDANTS,
WW JFK LLC, d/b/a RAMADA PLAZA HOTEL,
MARY BIRMINGHAM, ALI CHIANI, ROBERT
SANTUCCI, and RENE PERIERA

OF COUNSEL:
Joseph Patella
ANDREWS KURTH LLP
450 Lexington Ave., 15th Floor
New York, New York 10017

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Mt. Clemens Pottery Co.*,
    328 U.S. 680 (1946)..........................................................................................12, 13, 16

*Atchley v. Heritage Cablevision Assoc.*,
    101 F. 3d 495 (7th Cir. 1996) ...................................................................................9

*Broad v. Boeing Manufactured Housing, Inc.*,
    681 F. Supp. 1224 (W.D. Tex. 1987)........................................................................12, 13

*Capasso v. Metro. Transp. Auth.*,
    198 F. Supp. 2d 452 (S.D.N.Y. 2002)......................................................................10, 11

*Chao v. Gotham Registry, Inc.*,
    514 F.3d 280  (2d. Cir. 2008) ...................................................................................16

*Davis v. Food Lion*,
    792 F.2d 1274 (4th Cir. 1986) ...................................................................................13

*Flores v. The Pinnacle Group*,
    2007 U.S.Dist. LEXIS 18394 (S.D.N.Y. 2007)........................................................9, 10

*Forrester v. Roth's IGA Foodliner,Inc.*,
    646 F.2d 414 (9th Cir. 1981) .....................................................................................10, 11, 13, 16

*Grochowski v. Phoenix Const*,
    318 F.3d 80 (2d Cir. 2003)..........................................................................................12, 13

*Harvill v. Westward Commc'ns LLC*,
    311 F. Supp. 2d, 573 (E.D. Tex. 2004) *aff'd* 433 F.3d 428 (5th Cir. 2005); citing,
    *Reeves v. Int'l Tel. & Teletype Corp.*, 616 F.2d 1342 (5th Cir. 1980), *cert. denied*,
    449 U.S. 1077 (1981).................................................................................................12, 13

*Herman v. ARS Security Servs., Ltd.*,
    172 F.3d 132 (2d Cir. 1999)......................................................................................16, 17

*Holzapfel v. Town of Newburgh*,
    145 F.3d 516 (2d Cir. 1998)......................................................................10, 11, 12, 13, 16

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)..................................................................................................18

*Newton v. City of Henderson*,
    47 F.3d 746 (5th Cir. 1995) ......................................................................................12, 16

i

*Reich v. Dep't of Conservation & Natural Res.*,
    28 F.3d 1076 (11th Cir. 1996) ........................................................................13

*Reich v. New York City Transit Auth.*,
    45 F.3d 646 (2d Cir. 1995) ............................................................................14

*Reich v. S. New England Telecommc'ns Corp.*,
    121 F.3d 58 (2d Cir. 1997)............................................................................13

*Republic Steel Corp. v. Maddox*,
    379 U.S. 650 (1965)........................................................................................9

*Seever v. Carrols Corp.*,
    528 F. Supp. 2d 159 (W.D.N.Y. 2007) ...............................................13, 14, 16

*Slattery v. HCA Wesley Rehab. Hosp.*,
    *Inc.*, 83 F. Supp. 2d 1224 (D. Kan. 2000) .................................................11, 16

*Tenn. Coal, Iron & R. Co. v. Muscoda Local 123*,
    321 U.S. 590 (1944).......................................................................................14

*Tran v. Alphonse Hotel Corp.*,
    281 F.3d 23 (2d. Cir. 2002)...........................................................................12

*Tran v. Tran*,
    860 F. Supp. 91 (S.D.N.Y. 1993) *affirmed in relevant part*,
    54 F.3d 115 (2d Cir. 1995)..........................................................................8, 9

*Vera v. Saks & Co.*,
    218 F. Supp. 2d 490 (S.D.N.Y. 2002)..............................................................9

*Wheeler v. Grayco Trucking Corp.*,
    985 F.2d 108 (3d Cir. 1993)............................................................................9

## STATE CASES

*Jara v. Strong Steel Door, Inc.*,
    20 Misc. 3d 1135 (872 N.Y.S.2d 691, [2008 WL 3823769] (Sup. 2008) ...........8

*Wysocki v. Kel-Tech Constr. Inc.*,
    46 A.D.3d 251, 847 N.Y.S.2d 166 (2007) ........................................................8

HOU:2875458.2

**FEDERAL STATUTES**

29 U.S.C. § 185 ...................................................................................................................8
29 U.S.C. §§ 201 *et seq.* .................................................................................1, 3, 5, 5, 11
29 U.S.C. § 203 .................................................................................................................16
29 U.S.C. § 207(a) ...........................................................................................................10
29 U.S.C. § 255 .....................................................................................................6, 7, 18

**STATE STATUTES**

N.Y. Lab. Law § 160 ...............................................................................................10, 14

HOU:2875458.2

# TABLE OF CONTENTS

I. INTRODUCTION....................................................................................................................1

II. SUMMARY OF FACTS ........................................................................................................2

III. STATEMENT OF ELEMENTS OF DEFENSES AND FACTS RELIED UPON...........................6

    A.    JOZA'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS. ...................................6

    B.    JOZA'S STATE LAW CLAIMS ARE NOT AUTHORIZED. ........................................................7

    C.    JOZA'S CLAIMS ARISE UNDER THE CBA AND ARE THEREFORE PREEMPTED AND OTHERWISE PRECLUDED BY FEDERAL LAW BECAUSE JOZA HAS FAILED TO AVAIL HERSELF OF THE CBA'S GRIEVANCE PROCESS..............................................................................................8

    D.    JOZA'S STATE LAW CLAIMS ARE BARRED BY THE DOCTRINES OF ESTOPPEL, WAIVER, AND BECAUSE OF PLAINTIFF'S MISREPRESENTATIONS AND NEGLIGENCE.......................................10

    E.    PLAINTIFF HAS NOT MET THE BURDEN OF PROOF UNDER THE FLSA. .........................11

    F.    THERE IS NO OR INSUFFICIENT EVIDENCE THAT JOZA EITHER WORKED OVERTIME HOURS BEYOND THOSE THAT SHE REPORTED ON HER OVERTIME AUTHORIZATION FORMS, OR THAT DEFENDANTS SUFFERED OR PERMITTED JOZA TO WORK OVERTIME HOURS BEYOND THOSE HOURS THAT SHE REPORTED ON HR OVERTIME AUTHORIZATION FORMS. ..................................................14

    G.    THERE IS NO EVIDENCE THAT THE INDIVIDUAL DEFENDANTS WERE EMPLOYERS. .....................16

    H.    THERE IS NO OR INSUFFICIENT EVIDENCE THAT ANY ALLEGED VIOLATION BY DEFENDANTS WAS WILLFUL. ......................................................................................................18

    IV. CONCLUSION AND PRAYER.........................................................................................18

iv

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
_____X

| | | |
|---|---|---|
| JENNY JOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 07-CV-4153 |
| | § | |
| WW JFK LLC dba RAMADA PLAZA | § | |
| HOTEL; and as individuals, MARY | § | |
| BIRMINGHAM, ALI CHIANI, ROBERT | § | |
| SANTUCCI and RENE PERIERA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' STATEMENT
## OF ELEMENTS OF DEFENSES AND SUMMARY OF FACTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants, WW JFK LLC, d/b/a RAMADA PLAZA HOTEL (the "Hotel"), MARY BIRMINGHAM, ALI CHIANI, ROBERT SANTUCCI, and RENE PERIERA (collectively, "Defendants"), and pursuant to this Court's rules, file this Statement of Elements of Defenses and Summary of Facts, and would respectfully show the following:

## I.
## INTRODUCTION

Plaintiff, Jenny Joza, is an employee of the Hotel. Joza has filed this lawsuit seeking to recover $35,186.24 in allegedly unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and $86,916.16 in allegedly unpaid straight and overtime wages under Section 190 *et seq.* of the New York Labor Law ("NYLL"). The FLSA claim relates to the three (3) year period preceding October 4, 2007, and the NYLL claim relates to the six (6) year period preceding October 4, 2007.

HOU:2875458.2

Joza admits that she was paid for all overtime that she actually reported working, but alleges that she worked additional overtime that she did not report and for which she was not paid. As described more fully herein, Joza's claims are without merit, and must be denied because: (a) Section 190 *et seq.* of the NYLL does not provide a cause of action for allegedly unpaid overtime; (b) Joza's claims under Section n 190 *et seq.* of the NYLL claims are preempted or otherwise precluded by federal labor law; (c) Joza has not met the burden of proof under the FLSA; (d) there is no evidence that Joza actually worked any additional, unreported overtime hours; (e) there is no evidence that Defendants suffered or permitted Joza to work any additional, unreported overtime hours; (f) to the extent that Joza worked additional overtime hours, the evidence is conclusive that she intentionally failed to report that fact to Defendants; (g) there is no evidence that the individual Defendants are "employers," as that term is defined under the FLSA; and (h) there is no evidence that any alleged violation of the FLSA or New York state law provisions regarding overtime was willful. Further, Joza's claims are barred, in whole or in part, by the applicable statutes of limitations.

## II.
## SUMMARY OF FACTS

Joza has been employed at the Ramada Plaza Hotel ("Hotel") for more than 20 years.[1] At all relevant times, Joza has been a member of a collective bargaining unit that is represented by a labor union (the "Union"). Joza deposition at page 53.[2] Consequently, the terms and conditions

---

[1] *See* a copy of the Transcript of Joza's deposition ("Joza deposition"), attached as Exhibit 1 to *Declaration of Matthew L. Hoeg*, dated October 21, 2008 ("Hoeg Dec."); at page 53.

[2] *See also* the Affidavit of Mary Birmingham dated May 27, 2008 ("Birmingham Aff."), attached as Exhibit 2 to the Hoeg Dec.; at ¶ 3.

HOU:2875458.2

of Joza's employment have always been governed by the terms of a collective bargaining agreement ("CBA") between the Union and the Hotel.  *See* Birmingham Aff. at ¶ 4.[3]

The CBA contains provisions that govern such things as hiring, firing, wage rates, hours of work, and overtime.  *See* Birmingham Aff. at ¶ 9.  *See also* the CBA at Sections 6, 8, 11, 12, 13, 14, 21, 23 & 27.  The CBA provides for overtime pay for hours worked in excess of 35 in a workweek[4], but also states that "no employee shall receive overtime pay unless such overtime has been authorized previously by such employee's department or division manager."  *See* Birmingham Aff. at ¶ 11.  *See also* the CBA at Section 11(G)(6).

The CBA contains grievance procedures that are to be used to resolve disputes between the Hotel and employees who are members of the collective bargaining unit.  *See* the Birmingham Aff. at ¶ 12.  In particular, Section 26 of the CBA states:

> [a]ll complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this agreement or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted, by and between the parties involved shall be referred to a permanent umpire to be known as the impartial chairman and his decision shall be final and binding upon the parties hereto.  Any such complaint, dispute or grievance shall in the first instance, be submitted to the labor manager who will be appointed and employed by the [employers' hotel association] to consider and adjust with a duly accredited representative of the union, for their joint consideration and adjustment; if they agree, such decision shall be binding on the parties hereto.  Should the matter not be resolved by the labor manager and the representative of the union, it shall then be referred to the impartial chairman as aforesaid.

*Id.* at ¶ 13.  *See also* the CBA at Section 26.[5]

---

[3] *See also* a copy of the CBA; which is attached as Exhibit 3 to the Hoeg Dec.

[4] As noted herein, Joza is <u>not</u> pursuing a claim under the terms of the CBA.

[5] Section 11(G) of the CBA, entitled "Overtime," provides for when overtime compensation should, and should not, be paid, and it also includes a provision calling for "expedited arbitration before the Office of the Impartial

Before the filing this lawsuit, Joza did **not** file a complaint or pursue a grievance under the CBA concerning any of her allegations that are at issue in this lawsuit, including: that she worked before and after her assigned shift without compensation; that she worked during her lunch hour without compensation; and that she is entitled to additional straight time and/or overtime compensation or pay. *See* Birmingham Aff. at ¶¶ 14 &15. *See also* the Joza deposition at pages 53-54. Since the filing of this lawsuit, Joza, and her counsel, have been made aware of the aforementioned provision found in the CBA, and Joza has still not filed a complaint or pursue a grievance under the CBA concerning any of her allegations that are at issue in this lawsuit.

Joza worked as a reservation and PBX operator, and was generally assigned to work a shift that began at 8 a.m. and that ended at 4 p.m. *See* Joza deposition at page 21. In fact, Joza only "worked" 6.5 of the 8 hours in her assigned shift because the CBA provided for employees to be given a 1 hour lunch break, and two separate 15 minute breaks, during each shift. *See* Birmingham Aff. at ¶ 15; Joza deposition at pages 46-47; CBA at Section 11.

The Hotel maintained a time clock that is located near the employee entrance. *See* Joza deposition at pages 31-35. For security reasons, employees were required to "clock in" upon arriving at the Hotel, and to "clock out" when they physically left the Hotel premises.[6] *See* Joza deposition at page 32. However, employees were not required to clock out when they took lunch or other breaks, or when they otherwise stopped working, if they were still on the Hotel premises. *See* Joza deposition at pages 32-33.

---

Chairman" in the event of a dispute concerning overtime issues. It also states that "[n]o employee shall receive overtime pay unless such overtime has been authorized previously by" the employee's manager.

[6] The Hotel is located on the grounds of JFK International Airport, and is owned by the PANYNJ.

4

Hotel employees who work overtime[7] were required, at all relevant times, to report such overtime work on a written "overtime authorization" form that listed their name, the date the overtime was worked, the amount of overtime worked, and the reason for the overtime work. *See* Joza deposition at pages 70-71. Joza was aware of the requirement to report overtime hours on such a form, and during her years of working at the Hotel Joza has submitted, or had submitted for her,[8] written overtime authorization forms on numerous occasions. *See* Joza deposition at pages 58-59. Joza's sister—who was also a co-worker—has testified that it was Joza's habit to submit overtime authorization forms on those occasions when she "really worked" overtime.[9] In contrast, no overtime authorization forms were submitted when Joza was at the Hotel but not working; such as when she ate lunch at her desk,[10] or when she stayed at the Hotel after her shift had ended waiting for a ride home from her son, or waiting to give her sister a ride home.[11] *See* Joza deposition at pages 143-151.

Over the years, Joza's overtime authorization forms were submitted to various different managers, including some of the Defendants, and each of them signed the forms to authorize the issuance of payment to Joza for the claimed overtime. *See* Joza deposition at pages 159-160. No

---

[7] Under the CBA, an "overtime" premium is paid for hours worked in excess of 35 hours in a week. *See* CBA at Section 11.

[8] Until mid 2007, when Joza's sister was terminated, the two sisters worked alongside one another at the Hotel, and they frequently submitted one overtime form listing the claimed overtime for both of them. *See* Joza deposition at pages 70-75. This was done with Joza's knowledge and after the sisters consulted about the amounts and reasons to be listed for each of them. *Id.*

[9] *See* a copy of the Transcript of the deposition of Linda Hernandez ("Hernandez deposition"); which is attached as Exhibit 4 to the Hoeg Dec. at pages 55-57 & 74.

[10] For several years before the filing of this lawsuit, Joza and her sister generally brought food from home to eat together for lunch. *See* Joza deposition at pages 103-104 . They generally followed a custom of warming their food (in the Hotel kitchen) at the same time, and then eating that food back to their desks (which were adjacent to one another) to eat together. *Id.* at pages 103-105.

[11] Between 3 and 4 times a week, Joza stayed at the Hotel after her work shift had ended either waiting for her son to pick her up following his college classes, or waiting to drive her sister home. *See* Joza deposition at pages 143-151 .

HOU:2875458.2

manager, including the individual Defendants, ever refused or failed to sign an overtime authorization form that was submitted by Joza or on her behalf.  *See* Joza deposition at pages 113-116.  Nor did any manager, including the individual Defendants, ever warn or tell Joza not to submit overtime authorization forms, or threaten Joza with disciplinary action for submitting overtime authorization forms.  *See* Joza deposition at page 135.[12]

Joza was paid for each and every hour of overtime that was listed on each and every one of the overtime authorization forms that was ever submitted by her or on her behalf.  *See* Joza deposition at pages 157-158.  Moreover, at no time prior to the filing of this lawsuit did Joza ever file a grievance under the CBA alleging unpaid wages of any sort, or tell the Defendants that she had allegedly worked extra overtime hours beyond those that she had reported on her overtime authorization forms.  *See* Joza deposition at page 64; Birmingham Aff. at ¶ 15.  Indeed, prior to the filing of this lawsuit, none of the Defendants were aware of any allegation that Joza had worked any overtime hours beyond those that she had reported on her overtime authorization forms.

### III.
### STATEMENT OF ELEMENTS OF DEFENSES AND FACTS RELIED UPON

**A.**      **Joza's Claims are Barred by the Statute of Limitations.**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations, as stated in the Portal-to-Portal Act of 1947, 29 U.S.C. § 255(a), as applied to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.*  The time period in which Plaintiff's claims are alleged to have occurred was, in whole or in part, more than two (2) years prior to the filing of Plaintiff's complaint.  Plaintiff's claims under the FLSA that are based upon conduct

---

[12] According to Joza, she was never disciplined, counseled or warned about anything during her employment at the Hotel, including submitting overtime authorization forms.  *See* Joza deposition at pages 116-117.

that is alleged to have occurred more than two (2) years prior to the October 4, 2007 filing of Plaintiff's Complaint in this lawsuit are barred by limitations under 29 U.S.C. § 255(a) and the FLSA.

Alternatively, Plaintiff's claims are barred, in whole or in part, by the three (3) year statute of limitations applied to overtime violations that are determined to be "willful." Plaintiff's claims under the FLSA that are based upon conduct that is alleged to have occurred more than three (3) years prior to the October 4, 2007 filing of Plaintiff's Complaint in this lawsuit are barred by limitations under 29 U.S.C. § 255(a) and the FLSA.

Alternatively, to the extent, if any, that Section 190 *et seq.* (i.e., Article 6) of the NYLL authorizes any cause of action brought by the Plaintiff, Plaintiff's claims under Article 6 that are based upon conduct that is alleged to have occurred more than six (6) years prior to the October 4, 2007 filing of Plaintiff's Complaint in this lawsuit are barred by limitations.  *Id.*

## B.      Joza's State Law Claims Are Not Authorized.

Citing and relying upon Section 190 *et seq.* (i.e., Article 6) of the NYLL, Joza's lawsuit seeks to "recover" what she refers to as "unpaid wages and overtime compensation."  However, the statute upon which Joza relies simply does not authorize any such claim.

Sections 197 through 198-A of the NYLL do provide for various penalties and remedies against employers who violate the substantive provisions of Article 6.  However, those substantive provisions are quite specific in scope, and ***do not include any that address the failure to pay regular wages or overtime compensation or that otherwise authorize the filing of a lawsuit to recover either unpaid wages or overtime compensation***.  In particular, the substantive provisions of the statute addresses the following seven topics:

> (a) the frequency of wage payment (Section 191);

> (b) the payment of sales commissions (Sections 191-B & 191-C);

(c) the payment of wages in cash versus via direct deposit (Section 192);

(d) the making of deductions from wages (Section 193);

(e) sex-based wage differentials (Section 194);

(f) employee gratuities (Section 196-D); and

(g) wage kickbacks.[13]

Notably, and importantly for purposes of this lawsuit, Section 190 *et seq.* (i.e., Article 6) simply does not have any provisions that address the non-payment of either regular wages or overtime compensation. Consequently, the statute cannot and does not authorize or provide support for Joza's alleged pursuit of a civil action against Defendants for any allegedly unpaid regular or overtime compensation. *See, e.g., Jara v. Strong Steel Door, Inc.*, 20 Misc. 3d 1135(A), 872 N.Y.S.2d 691, 2008 WL 3823769 (Sup. 2008) (unreported disposition)*; Wysocki v. Kel-Tech Constr. Inc.*, 46 A.D.3d 251, 847 N.Y.S.2d 166 (2007).

**C.      Joza's Claims Arise Under the CBA and are Therefore Preempted and Otherwise Precluded by Federal Law Because Joza has Failed to Avail Herself of the CBA's Grievance Process.**

Plaintiff's NYLL claims are preempted, barred and otherwise improper because Plaintiff was required to, and failed, to file and pursue a grievance and arbitration under the collective bargaining agreement ("CBA") before filing a lawsuit pursuing state law claims that are based upon the allegations made in support of Plaintiff's NYLL claims. *See* the Labor-Management Relations Act, 1947, as amended ("LMRA"), 29 U.S.C. § 185. *See also Tran v. Tran*, 860 F.Supp. 91 (S.D. N.Y. 1993), *affirmed in relevant part*, 54 F.3d 115, 118 (2d Cir. 1995).

---

[13] The remaining provisions are either definitional (Section 190 & Section 191-A), address notice, posting and record keeping requirements (Sections 195 & 198-D), or address the powers and duties of, and interactions with, the commissioner (Sections 196, 196-A, 199 & 199-A).

8

To the extent that Joza has asserted any claims that are cognizable under Section 190 *et seq.* of the NYLL, many courts have concluded that those claims are preempted and otherwise precluded by federal labor law because Joza was required, but failed, to make use of the CBA's grievance procedures.[14]

Most recently, in *Flores v. The Pinnacle Group, et al.*, 2007 U.S. Dist. Lexis 18394 (S.D. N.Y. 2007), the plaintiff asserted claims against his employer that included a claim for allegedly unpaid overtime wages under Section 191 of the New York Labor Law.  Like Ms. Joza, and like the plaintiffs in the other cases described above, Mr. Flores was a member of a collective bargaining unit, but he "did not grieve the issue before his union as required by the CBA."  *Id*. In granting summary judgment to the defendant and dismissing the plaintiff's claims, the district court stated:

> [t]his claim fails because 'individual employees wishing to assert contract grievances [in federal court] must attempt use of contract grievance procedure agreed upon by employer and union as the mode of redress . . . .'

*Id*.

For the reasons discussed herein, Plaintiff's state law claims are preempted by federal labor law, and they must be dismissed; Joza's state law claims for straight and overtime wages concern certain  alleged "acts, conduct or relations between the parties" to the CBA.  Moreover, they involve the "application" of various "clause[s] of" the CBA to the parties and their actions.

---

[14] *See Tran v. Tran*, 860 F.Supp. 91 (S.D.N.Y. 1993), *affirmed in relevant part*, 54 F.3d 115, 118 (2d Cir. 1995) (finding that the plaintiff's wage claims, including his overtime claims, "either 'directly or indirectly' arise out of the 'acts, conduct or relations between' plaintiff and defendants or involve the 'application of [a] cause' contained in the CBA."); citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965);[14] *Vera v. Saks & Co.,* 218 F.Supp.2d 490, 494 (S.D.N.Y. 2002) (stating, "[b]ecause the plaintiff's claims for additional compensation fall squarely within the scope of the broad grievance and arbitration procedure, and the plaintiff failed to use that dispute resolution procedure, the plaintiff's claims must be dismissed.); citing *Atchley v. Heritage Cablevision Associates*, 101 F.3d 495, 501-02 (7th Cir. 1996) (alleged violation of Indiana wage payment law); *Wheeler v. Grayco Trucking Corp.*, 985 F.2d 108 (3d Cir. 1993) (claim under Pennsylvania wage payment and collection law).

For both reasons, the claims "implicate" the CBA that governs the employment relationship between the parties, and federal labor law requires that Joza first initiate and exhaust her complaint and grievance rights under the CBA before commencing a lawsuit. *Id. See supra.*

**D.**     **Joza's State Law Claims Are Barred by the Doctrines of Estoppel, Waiver, and Because of Plaintiff's Misrepresentations and Negligence.**

　　**i.**     ***Estoppel***

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel to the extent that Plaintiff failed to report, or intentionally underreported, her hours worked; because Plaintiff's actions prevented Defendants from knowing about her allegedly uncompensated overtime, Defendants cannot be said to have suffered or permitted Plaintiff to work in violation of the FLSA.  *Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 414-15 (9th Cir. 1981); 29 U.S.C. § 207(a).  Plaintiff's claims are barred by the doctrine of estoppel because Plaintiff was paid for all of the hours that she actually reported and claimed to have worked, and the claims at issue in this lawsuit are based upon extra hours that she now claims to have worked but failed to report and claim to have worked.  Moreover, Plaintiff knew that Defendants would rely upon her affirmative representations concerning the hours that she had worked, including overtime hours, during the time period in question, and that Defendants did, in fact, rely upon those representations in compensating Plaintiff.  29 U.S.C. § 207(a). *See also Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 414-15 (9th Cir. 1981); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d. Cir. 1998); *Capasso v. Metropolitan Transportation Authority*, 198 F.Supp.2d 452 (S.D.N.Y. 2002).

　　**ii.**     ***Waiver***

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver to the extent that Plaintiff failed to report, or intentionally underreported, her hours worked and explicitly or

implicitly certified the accuracy of the wages paid to her; Plaintiff regularly reported overtime, was paid for all reported overtime, and did not mention any allegedly unpaid overtime to Defendants prior to filing her complaint. *Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 414 (9th Cir. 1981); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d. Cir. 1998); *Capasso v. Metropolitan Transportation Authority*, 198 F.Supp.2d 452 (S.D.N.Y. 2002).

### iii.     Plaintiff's Misrepresentations and Negligence.

Plaintiff's claims are barred, in whole or in part, by the fact that: Plaintiff made affirmative representations concerning the hours that she had worked during the time period in question; Defendants relied upon those representations in compensating Plaintiff; and Plaintiff's current allegations are inconsistent with those allegations.  Further, Defendants affirmatively allege that Plaintiff's damages, to the extent any exist, were caused in whole or in part by Plaintiff's own conduct or negligence in intentionally failing to report, or under-reporting, alleged overtime hours. *Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 414 (9th Cir. 1981); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d. Cir. 1998); *Slattery v. HCA Wesley Rehab. Hosp., Inc.*, 83 F.Supp.2d 1224, 1230 (D.Kan. 2000).

## E.     Plaintiff Has Not Met the Burden of Proof Under the FLSA.[15]

The FLSA requires employers to pay overtime to all non-exempt employees who are employed to work more than forty (40) hours in a workweek.[16]  29 U.S.C. § 207(a)(1).  Plaintiff was properly compensated, under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.,* and under New York Labor Law §§190 *et. seq.* ("NYLL"), for all work that she reported and claimed to have worked during the time period in question.  With respect to

---

[15] To the extent that Joza's state law claims are not preempted, they are subject to the same burden of proof found under the FLSA.

[16] The fact that the CBA provides for overtime compensation beginning with hours worked in excess of 35 does not alter the requirements of the FLSA.

Plaintiff's allegation that she worked additional hours during the time period in question for which she was not compensated, Defendants assert that Plaintiff bears the burden of establishing both that she performed compensable "work" for which she was not compensated, the amount of such compensable work, and how much, if any, of such work was performed with the Defendants' actual or constructive knowledge. *See Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d. Cir. 1998).

A plaintiff in a lawsuit seeking to recover overtime pay under the FLSA "must prove with 'definite and certain evidence' that she was not properly compensated for work performed." *Harvill v. Westward Commc'ns LLC*, 311 F.Supp. 2nd, 573, 583 (E.D. Tex. 2004), *affirmed* 433 F.3d 428 (5th Cir. 2005); citing *Reeves v. Int'l Tel. and Teletype Corp.*, 616 F.2nd 1342, 1351 (5th Cir. 1980), cert. denied, 449 U.S. 1077 (1981); *see also Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003); citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946).  That is, a plaintiff seeking to recover overtime pay under the FLSA must show that he was actually "employed" by the employer during the periods of time for which he is claiming unpaid overtime, and must produce "'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  *See Grochowski*, 318 F.3d at 87-88; citing *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d. Cir. 2002); quoting *Mt. Clemens*, 328 U.S. 680 at 687; *see also Broad v. Boeing Manufactured Housing, Inc.*, 681 F.Supp. 1224, 1227 (W.D. Tex. 1987).

A plaintiff in a lawsuit claiming overtime under the FLSA must also show that his employer "had knowledge, actual or constructive, that he was working" those overtime hours. *See Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 521 (2d. Cir. 1998); *Harvill v. Westward Communications LLC*, 311

F.Supp.2d 573, 583 (E.D. Tex. 2004).  Because the word "employ" means to suffer or permit to work, it has long been established that an employee pursuing an FLSA overtime claim bears the burden of proving **both** that she actually worked a specified number of overtime hours without compensation, and that her employer had knowledge of her working such overtime hours without compensation.  *See, e.g., Holzapfel*, 145 F.3d at 524*; Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir.1981) (explaining that knowledge affords employer the opportunity to comply with the Act); *Reich v. Department of Conservation & Natural Resources*, 28 F. 3d 1076, 1082 (11th Cir. 1996); *Davis v. Food Lion*, 792 F.2d 1274, 1276-77 (4th Cir. 1986); *Grochowski*, 318 F.3d at 87-88.  If an "'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime worked, the employer's failure to pay for the overtime hours is not a violation' of the FLSA."  *Newton, supra* at 47 F.3d 748; *Harvill, supra* at 311 F.Supp.2d 583; *see also Seever v. Carrols Corp.*, 528 F.Supp.2d 159, 166 (W.D.N.Y. 2007).

Only if an employee can produce evidence that he worked a specified number of hours, and that the employer had knowledge, does the burden shift to the employer to "come forward with evidence" of either the amount of work performed or "evidence to negate the reasonableness of the inference to be drawn from the plaintiff's *prima facie* case."  *Broad v. Boeing Manufactured Housing, Inc.*, 681 F.Supp. 1224, 1227 (W.D. Tex. 1987); *Reich v. S. New England Telecommc'n Corp.*, 121 F.3d 58, 66-67 (2d Cir. 1997); quoting *Mt. Clemens*, 328 U.S. 680 at 687-88.  In that regard, evidence that "the hours claimed to have been worked tended to be exaggerated" by the plaintiff is sufficient to "negate the reasonableness of the inference to be drawn from the plaintiff's *prima facie* case."  *Broad*, 681 F.Supp. at 1227.  Likewise, the "just and reasonable inference" is negated when there is evidence showing that an employee reports,

and is paid for, at least some of their off-the-clock work, and they can not provide specific facts explaining how, whether, and to what extent the employer prevented them from reporting and getting paid for work.  *Seever*, 528 F.Supp.2d at 166.

**F.     There is no or insufficient evidence that Joza either worked overtime hours beyond those that she reported on her overtime authorization forms, or that Defendants suffered or permitted Joza to work overtime hours beyond those hours that she reported on her overtime authorization forms.**

As the Second Circuit has expressly noted, "[e]mployees are entitled to be compensated only for 'work,'" and an employee's activity "constitutes 'work' (compensable under the FLSA) if it involves 'physical or mental exertion,'" or the loss of an employee's time that is "controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  *Reich v. New York City Transit Authority*, 45 F.3d 646, 651 (2d Cir. 1995); quoting *Tenn. Coal, Iron & R. Co. v. Muscoda Local 123*, 321 U.S. 590 (1944).  Other activities that are engaged in by an employee—whether at the workplace or elsewhere—that are not "controlled or required by the employer," or that are not "pursued necessarily and primarily for the benefit of the employer" do not constitute "work" for FLSA purposes.[17]  *Id.*

It is undisputed that Joza worked some overtime hours.  It is also undisputed that Joza *was paid for every hour of overtime work that she actually reported having worked*.  *See* Joza deposition at pages 157-158.  Thus, the issue in this case is whether Joza "worked" (as that terms is defined for FLSA purposes) any overtime, the issue is whether Joza worked any *additional overtime hours* beyond what she reported, and, if so, whether Defendants knew, or should have known, that Joza had worked such *additional overtime hours*.

---

[17] Thus, for instance, eating lunch at the workplace, surfing the internet, visiting in person or by telephone with family and friends, or waiting for a ride or to provide a ride are not activities that constitute "work."

14

As to whether Joza actually worked any additional overtime hours beyond what she reported (and was paid for), there are no documents that support Joza's allegations that she did so, and despite her interrogatory answers, she now admits that she kept no contemporaneous, or other, records concerning these alleged additional overtime hours.[18]  *See* Joza deposition at 122. Moreover, she further admits that the overtime calculations that she provided in her discovery responses in this case are merely estimates made from memory as to the number of hours she worked each week *in excess of 35 hours*.  Although instances of working more than 35 hours per week may be relevant for purposes of calculating overtime under the CBA, it is not relevant for purposes of calculating overtime under the FLSA – which only requires overtime pay for hours worked in excess of 40 per week.  Thus, even Joza's estimates/calculations are unworthy of credence in this case.[19]

As to whether Defendants knew or should have known that Joza had allegedly worked additional overtime hours without compensation, Joza herself admits that she both failed to include such time on her overtime authorization forms, and that she never informed any of the Defendants that she had supposedly worked additional overtime hours beyond that which she periodically reported.  *See* Joza deposition at 64.  Moreover, there is no evidence that any of the Defendants were ever made aware of Joza's alleged extra, unreported overtime.

Multiple cases in which employers were "regularly paid for such reported overtime" and where the employees did not mention any allegedly "unpaid overtime work to any [company]

---

[18] Joza's written discovery responses referred to notes that she had allegedly kept and consulted when she prepared her estimates of her uncompensated overtime work.  However, after those notes were not produced, Joza admitted in deposition that she was "not sure" if she had any such notes, and that she estimated, "approximately," from her recollection, how much alleged overtime she worked, and did so "[w]ithout using documents."  *See* Joza deposition at 122-124.

[19] Likewise, Plaintiff's counsel's interrogation of Defendant Santucci about his investigation of Joza's punch in and punch out records failed to distinguish between hours worked in excess of 35 (which is what Santucci calculated) and hours worked in excess of 40.

official prior to filing [a] complaint" support Defendants' contention that Joza is not now entitled to recover for such alleged overtime.[20]  In this case, Joza frequently stayed at the Hotel after her shift had ended.  However, that fact, or whether she waited to clock out until she left the building, would not have caused anyone to believe that she was "working" because it was well known that Joza often waited at the Hotel after work to get a ride home from her son, or to provide a ride to her sister.  Indeed, Joza readily admits that this happened 3 or 4 times a week, and Joza further admits that she brought, and was known to bring, a personal laptop computer to occupy her time when she was not working.

**G.    There Is No Evidence That the Individual Defendants Were Employers.**

Defendants affirmatively allege that there is no evidence that the individually named Defendants were "employers" under the FLSA, 29 U.S.C. § 203(d), in that they were not, and are not, "employers" who can be liable under the federal and state laws at issue in this lawsuit because they were not owners or officers exercising actual and extensive control over the terms and conditions of Plaintiff's employment.  See 29 U.S.C. § 203(d); *Herman v. ARS Security Services, Ltd.*, 172 F.3d 132, 139-40 (2d Cir. 1999).

The FLSA provides for joint and several liability among all employers, and the Act defines "employer" broadly enough to encompass some owners and/or officers.  29 USC § 203(d).  However, only those owners or officers who exercise actual and extensive control over the terms and conditions of the employee's employment are "employers" under the FLSA.

---

[20] *Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d. Cir. 1998); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d. Cir. 2008);[20] *Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995);[20] *Seever v. Carrols Corp.*, 528 F.Supp.2d 159, 166 (W.D.N.Y. 2007) (explaining that where any inaccuracies in an employee's records are "*solely due to the [employee's] deliberate failure to accurately report the time they worked[,]*" and the "time record 'deficiencies' alleged by the employee are admittedly and voluntarily self-created[,]" the employee's complaint against the accuracy of the records should not be entertained) (emphasis in original); citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946);[20] *Slattery v. HCA Wesley Rehab. Hosp., Inc.*, 83 F.Supp.2d 1224, 1230 (D. Kan. 2000).

*Herman v. ARS Security Services, Ltd.*, 172 F.3d 132, 139-40 (2d Cir. 1999).  In *Herman*, *supra*, the Second Circuit explained that the "over-arching concern is whether the alleged employer possessed the power to control the workers in question," and described the so-called "economic reality" test that is utilized in making such a determination.  In particular, the Second Circuit described the relevant factors as:

> Whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment and (4)  maintained employment records.

*Id*. at 139.

In this case, none of the individual Defendants owned any interest in the Hotel, and none of them possessed the type of power described in *Herman*.  As noted herein, the terms and conditions of Joza's employment were, at all times, governed by a comprehensive CBA that was exhaustively negotiated by the Hotel and the Union.[21]  Among other things, the CBA sets forth the rate and method of payment of all employees, including Joza; sets forth the type of work schedules that will be used and the method by which employees may select or be assigned to work schedules; dictates how and when employees care to be hired and fired; and even spells out when and how overtime is to be worked and paid.

Given these circumstances, and given the fact that Joza admittedly failed to submit overtime authorization forms reflecting, or otherwise report, any of her alleged "additional" overtime to any of the individual Defendants in this case, there is simply no evidence to support the assertion that those Defendants were Joza's employer for purposes of her wage and hour claims in this lawsuit.  Rather, the individual Defendants were mere managers employed by the

---

[21] There is no evidence that any of the individual defendants was even involved in negotiating the CBA.

HOU:2875458.2

Hotel to carry on its business, and to supervise employees in accordance with the terms of the CBA.

**H.     There Is No or Insufficient Evidence That Any Alleged Violation by Defendants Was Willful.**

An FLSA plaintiff may, if successful recover for unpaid overtime going back 2 years from the date of filing.  In order to recover three years of unpaid overtime, the Plaintiff must prove a willful violation – otherwise, the statute of limitations is two years.  29 U.S.C. 255(a).  An alleged willful violation of the FLSA requires proof that the defendant either knew his conduct violated the FLSA or showed reckless disregard for whether his actions complied with the FLSA.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Defendants affirmatively allege that they acted, at all times, in good faith and with a reasonable belief that their compensation-related activities concerning the Plaintiff were not in violation of the FLSA or any applicable state laws, and that they further acted without malice or reckless disregard, and without any unlawful intent.  *Id.*  All of the Defendants acted, at all times, in good faith and with a reasonable belief that their compensation-related activities concerning the Plaintiff were not in violation of the FLSA or any applicable state laws, and they further acted without malice or reckless disregard, and without any unlawful intent.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

## IV.
## CONCLUSION AND PRAYER

As described herein, (a) Section 190 *et seq.* of the NYLL does not provide a cause of action for allegedly unpaid overtime; (b) Joza's claims under Section n 190 *et seq.* of the NYLL claims are preempted or otherwise precluded by federal labor law; (c) Joza has not met the burden of proof under the FLSA; (d) there is no evidence that Joza actually worked any additional, unreported overtime hours; (e) there is no evidence that Defendants suffered or

permitted Joza to work any additional, unreported overtime hours; (f) to the extent that Joza worked additional overtime hours, the evidence is conclusive that she intentionally failed to report that fact to Defendants; (g) there is no evidence that the individual Defendants are "employers," as that term is defined under the FLSA; and (h) there is no evidence that any alleged violation of the FLSA or New York state law provisions regarding overtime was willful. Further, Joza's claims are barred, in whole or in part, by the applicable statutes of limitations.

WHEREFORE PREMISES CONSIDERED, Defendants WW JFK LLC, d/b/a Ramada Plaza Hotel, Mary Birmingham, Ali Chiani, Robert Santucci, and Rene Periera are not liable to Plaintiff Jenny Joza for any unpaid overtime, or any other damages or relief, legal or equitable, sought by Joza.

Respectfully submitted,

ANDREWS KURTH LLP

By:  */s/ Matthew L. Hoeg*
        Matthew L. Hoeg
        State Bar No 09772880
        600 Travis, Suite 4200
        Houston, Texas  77002
        Telephone:  (713) 220-4012
        Facsimile:  (713) 238-7428

ATTORNEYS FOR DEFENDANTS,
WW JFK LLC, d/b/a RAMADA PLAZA HOTEL,
MARY BIRMINGHAM, ALI CHIANI, ROBERT
SANTUCCI, and RENE PERIERA

OF COUNSEL:
Joseph Patella
ANDREWS KURTH LLP
450 Lexington Ave., 15th Floor
New York, New York 10017

19

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record on this 2nd day of October, 2009:

Lee Seham

Lucas K. Middlebrook

Stanley J. Silverstone

Susan T. Edwards

Seham, Seham, Meltz & Peterson, LLP

445 Hamilton Avenue, Suite 1204

White Plains, New York  10601

**Via Email to <u>lmiddlebrook@ssmplaw.com</u>**

*/s/ Matthew L. Hoeg*

Matthew L. Hoeg

HOU:2875458.2