UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JENNY JOZA,

                                        Plaintiff,                        **MEMORANDUM
                                                                          AND ORDER**

                        - against -                                       07-CV-4153 (ENV) (JO)

WW JFK, LLC, et al.,

                                        Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On February 24, 2009, I ordered the defendants "to reimburse the plaintiff's reasonable costs, including attorneys' fees, in seeking to vindicate her legitimate discovery rights through litigation made necessary by the defendants' unjustifiably incorrect discovery responses." Docket Entry ("DE") 41 at 7 (the "Order"). I assume the reader's familiarity with the proceedings that resulted in that order. On March 10, 2009, the defendants asked the court to review that order pursuant to Federal Rule of Civil Procedure 72. DE 42 ("Objections") at 2 & n.2. On June 25, 2009, the Honorable Eric N. Vitaliano, United States District Judge, affirmed the Order in its entirety. DE 46. Plaintiff Jenny Joza ("Joza") thereafter served a bill of costs dated July 14, 2009, on opposing counsel, specifying a total request for $34,055.20. DE 55-2 (the "Bill of Costs"). The defendants filed their objections to that bill on October 9, 2009. DE 70. For the reasons set forth below, I overrule most of the defendants' objections and direct them to pay Joza $30,059.51 forthwith.[1]

---

[1] I originally deferred a determination of the amount of costs to be awarded until after the trial of Joza's claims. Order at 7. Based on developments in the case subsequent to the Order and Judge Vitaliano's affirmation of it, on October 8, 2009, for reasons set forth on the record, "I concluded that it would be improvident to permit further delay in resolving the issue" of the amount of costs to be awarded. *See* DE 67.

A.      Objections Directed To The Underlying Order

The question of whether the defendants must reimburse Joza for her costs, as specified in the Order, has long since been put to rest in this court.  The only question now in dispute is the amount of costs that should be reimbursed.  Litigating that question neither requires nor permits the defendants to rehearse their earlier objections to the Order as a whole, and indeed the defendants' counsel appeared to recognize that fact during a telephone conference on October 8, 2009.  At that conference, when I directed the defendants to submit the objections to the Bill of Costs that they had already formulated, the defendants' counsel made clear that while his clients' did object to some of the amount claimed in the Bill of Costs, there was some amount to which they had no objections (at least none other than those subsumed within their objections to the Order as a whole).  I therefore ordered that when the defendants filed their objections, they must "specify the amount not in dispute that will be paid forthwith pending my resolution of such objections."  DE 67.  Continuing a troubling approach to the litigation of pretrial matters in this case, the defendants did not comply with that order.  Instead, they improperly devoted the first two points in their Objections to an attack on the validity of the Order itself.  *See* Objections at 3-4.  I overrule those objections as procedurally barred and also on the merits for the same reasons that I and Judge Vitaliano have previously explained.[2]

_____

[2]  To the extent that the defendants purport to rely on their original boilerplate objections to Joza's initial request for the reservation faxes at the heart of the instant dispute, on the grounds that the request was "overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence," *see* Objections at 2 n.1, they appear to be simply unwilling to accept any court order that is not in their favor.  Had I agreed with any of those boilerplate objections, I would not have ruled as I did on October 24, 2008, that the defendants must, at a minimum, produce a sample of the requested documents.  *See* DE 24.  It was only after I entered that order that the defendants reported that the faxes were no longer in existence – a fact that, if true at the time of their initial objections would have rendered some of those objections

B.      Procedural Objections To The Bill Of Costs

The defendants next object that Joza's Bill of Costs does not comply with the requirement of an affidavit as required under 28 U.S.C. § 1924 and Local Civil Rule 54.1(a), and that it is insufficiently detailed.  Those objection are specious.  First, Joza's counsel included on the very first page of the Bill of Costs a declaration under penalty of perjury verifying the costs.  Bill of Costs at 1.[3]  In doing so, counsel used the form prescribed by the Administrative Office of United States Courts for just such purposes.  *See* Administrative Office of U.S. Courts, Form AO133, http://www.uscourts.gov/forms/AO133.pdf (last visited October 13, 2009).  Second, the 14 pages of billing records appended to that declaration unquestionably contain sufficient detail to allow the defendants to form objections – as indeed they have done.  I therefore overrule the defendants procedural objections to the sufficiency of the Bill of Costs.

C.      Objections To Specific Components Of The Bill Of Costs

Joza has organized her Bill of Costs into four components corresponding to different aspects of the litigation arising from the dispute giving rise to the Order.  The four components are labeled, respectively, "Pre-Motion to Compel," "Motion to Compel," "Spoliation," and "Cost

---

untrue.  Thus, to the extent I have not previously had to spell out for the defendants and their counsel what was unquestionably an implicit part of my original ruling – and to the extent that Judge Vitaliano's opinion that their continued reliance on such arguments in seeking review of the Order was "patently ridiculous[,]" DE 46 at 6 – I do so now:  the defendants' objections to the original document request were inappropriate when made and have never provided any justification either to withhold the documents at issue or, as later became clear the defendants had done, to mislead Joza and the court as to their existence.

[3]  I assume the defendants do not base their objection on the fact that an affidavit is sworn on oath and a declaration is not.  *Cf.* Fed. R. Civ. P. 43(b) ("When these rules require an oath, a solemn affirmation suffices.").

Computation and Appeal Briefing."  Bill of Costs at 2-14.[4]  The defendants object to each such

component, Objections at 5-12, and I address those objections in turn below.  In doing so, I

accept as reasonable the hourly rates at which Joza seeks to reimburse the various professionals

who have worked on her behalf:  those rates appear reasonable on their face and the defendants

have not made any objection to that aspect of the Bill of Costs.  Accordingly, I focus on the

defendants' objections to the hours of work for which Joza seeks reimbursement.

1.     The "Pre-Motion to Compel" Component

The defendants object to the first component of the Bill of Costs, relating to the period

prior to Joza's motion to compel the production of reservation faxes, on the ground that the costs

listed relate to disputes other than the one arising from the request for the faxes.  Objections at 5-

6.  They assert – but provide no supporting affidavit or declaration in support of their assertion –

that their objection to the faxes had not been in dispute prior to October 2008.  I reject the latter

assertion as a basis for objection:  especially in light of their demonstrably false objection about

Joza's failure to include sufficient evidence supporting the Bill of Costs, I am reluctant to rely on

a factual assertion that the defendants make only in a memorandum of law.  Moreover, whether

or not the production of the faxes was in dispute prior to October 2008 is largely irrelevant:  the

burden that the defendants imposed on Joza and her counsel arose from their creation of a false

impression that the faxes existed to be produced.  Given the fact that the defendants concede that

the defendants' objections to producing the faxes was at least "briefly discussed" during the pre-

---

[4]  For ease of reference, I use the page numbers assigned by the court's ECF docketing system to
the Bill of Costs as a whole, rather than to the page numbers that Joza placed on each respective
component of the bill.  Thus, I would cite page 2 of the "Spoliation" component by referring to
the Bill of Costs at 9.

motion period, *see* Objections at 6, there can be no dispute that the defendants' failure to provide accurate information to Joza about the status of the faxes caused Joza's counsel to incur burdens during this period that they should not have borne.

Nevertheless, Joza does not assert, and I do not have any reason to believe, that all of the counsel fees she incurred during this period related to the request for the reservation faxes. Rather than impose on the parties and the court the burden of further hearings on the precise extent to which the billing records for this period reflect work done as a result of the defendants' misleading conduct regarding the faxes, I exercise my discretion to trim the fat from this part of the application by applying an across-the-board percentage cut. *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237-38 (2d Cir. 1987); *Levy v. Powell*, 2005 WL 1719972, at *8-9 (E.D.N.Y. July 22, 2005); *Murray ex rel. Murray v. Mills*, 354 F. Supp. 2d 231, 238-41 (E.D.N.Y. 2005). In light of the other matters in dispute during the same period, I reduce this component of Joza's request for reimbursement by 75%. Joza claims a total of $3,004.20 for this period, and I therefore award instead a total of $751.05.

2.      The "Motion to Compel" Component

The defendants object to all of the entries in this component of Joza's Bill of Costs that do not explicitly refer to the dispute about the faxes, and object in particular to all of the entries that predate October 13, 2008, when one of Joza's attorneys referred to "counsel's sudden refusal to provide reservation faxes." Bill of Costs at 6; *see* Objections 6-9. These objections have the same shortcomings as those directed to the pre-motion period: a reliance on facts not in the record that are at odds with the declaration by Joza's counsel that all of the claimed costs were necessary, and an insistent refusal to acknowledge that the Order to reimburse costs arises not

5

simply from the defendants' refusal to provide faxes, but from their misleading conduct in failing

for months to reveal that there were no faxes for them to produce.[5]

Recognizing that the dispute as to whether, and to what extent, the defendants should

produce the faxes was one of several matters raised in the motion to compel, I conclude that

some reduction of this component of the Bill of Costs is appropriate.  However, in light of the

primacy of that issue within the motion that Joza filed, I conclude that the reduction should be

relatively small.  I reduce the hours claimed in this part of the Bill of Costs by 20 percent.  Joza

claims a total of $7,812.70 for this period, and I therefore award instead a total of $6,250.16.

### 3.    The "Spoliation" Component

The defendants object to all of the billing for which Joza seeks reimbursement in this

component of her Bill of Costs on essentially two grounds.  First, they appear to argue that I did

not contemplate such reimbursement when I ordered that Joza is entitled "to recoup all of her

reasonable costs, including attorneys' fees, arising from the motion to compel production of the

faxes and the resulting steps she was forced to take to determine the disposition of the faxes up

until her motion for spoliation sanctions."  Order at 6 (quoted in Objections at 9-10).  The

defendants are wrong.  I preceded the quoted phrase with the proviso that Joza was entitled to

recoup such costs "[a]t a minimum[.]"  *Id*.  Moreover, I went on to address explicitly the issue of

---

[5]  The defendants object to parts of this and other components of the Bill of Costs on the ground
that it was excessive for Joza's attorneys to occasionally review each other's work or confer about
how to pursue the litigation of their client's case.  *See* Objections at 6-7 n.7, 9 n.11, 11 n.13.  I
note that the defendants themselves engaged the services of two attorneys to make that objection,
both of whom also appeared on their clients' behalf in most of the proceedings before me to date
in this case.  Regardless of whether the defendants do or do not implicitly urge me to adopt a
double standard regarding the resources that counsel for the opposing parties in this case should
bring to bear in representing their respective clients, I do not agree that the billing is
unreasonably duplicative in this respect, and therefore overrule all such objections.

costs associated with Joza's motion for sanctions, and ordered the reimbursement of those costs as well, allowing that my decision in that regard was "a closer call." *Id*. at 7.

The defendants' second basis for objecting to the "Spoliation" component of the Bill of Costs has even less merit than the first: they argue that Joza's motion for sanctions was improvident because she relied on statements made by an employee of the corporate defendant, Indrapaul Choloram ("Choloram") that the employee later disavowed. *See* Objections at 10-11. Such argument wholly misses the point. Joza sought spoliation sanctions on November 26, 2008, based on an assertion that Choloram had told her that defendant Santucci had instructed Choloram to destroy certain files that Joza believed to be the same files in which the reservation faxes to which she sought access had been kept. *See* DE 29 at 2. As I noted in the Order, Joza did not include an affidavit from Choloram himself in making her motion for sanction, but explained that Choloram did not wish to testify for fear of reprisal. *Id*.; *see* Order at 3. The defendants responded on December 2, 2008, without asserting that Choloram disputed Joza's account of their conversation; instead they submitted a response that described their document retention practices in a way that did not rebut Joza's allegations about her conversation with Choloram. *See* DE 30 at 2-3. As a result of both the motion and the way the defendants responded to it, after discussing the matter with all counsel, I scheduled an evidentiary hearing – and Joza's counsel quite understandably prepared for it. I originally scheduled the hearing for January 15, 2009, and then adjourned it to January 29, 2009. DE 31 (minute entry dated December 12, 2008); Order dated January 6, 2009. On January 20, 2009, Joza asked to reschedule the hearing again, to accommodate the schedule of a witness she wished to call. DE 33. The defendants opposed the request with a letter that made no mention of Choloram's

7

anticipated testimony.  DE 34.  At the defendants' behest, I denied the application to adjourn the

hearing.  Order dated January 22, 2009.

It was not until January 26, 2009 – three days before the scheduled hearing, and two

months after Joza had first sought sanctions on the basis of her conversation with Choloram –

that the defendants submitted a belated supplemental response to the motion that included an

affidavit from Choloram denying that he had made the statements Joza attributed to him.  DE 36.

In light of that last-minute surprise, Joza's counsel agreed with me that there would be no point in

conducting the hearing.  I later denied the motion for sanctions for lack of evidentiary support but

instead ordered the defendants' to pay Joza's costs.  *See generally* Order.

I had, and continue to have, strong reservations about the provenance of Choloram's

affidavit.  If Joza was able to provide proof that the defendants had coerced Choloram into

disavowing the conversation that Joza had reported, both the defendants and their counsel would

be facing sanctions far more severe than the shifting of fees.  The fact that Joza is not in a

position to provide such proof means only that there is an insufficient basis for imposing those

more severe sanctions; it does not, however, make it any less appropriate to require the

defendants to reimburse the costs they needlessly caused Joza to incur.  At a minimum, if

Choloram really did not make the statements that Joza reported, the defendants could have

reported that fact long before they did, and allowed Joza to avoid much of the cost they now

object to paying.

At a more fundamental level, there is simply no good cause to allow the defendants to re-

litigate the issue.  On February 24, 2009, I ordered that Joza "is entitled to recover her costs

associated with the sanctions motion itself[,]" Order at 7, and the defendants litigated and lost

their objections to that order.  DE 46.  In objecting to this component of the Bill of Costs, the defendants do no more than make a patently improper attempt to seek reconsideration.  I therefore overrule their objection to this component of the Bill of Costs and, having reviewed the individual time entries and found them to be reasonable, award the full $18,313.30 that Joza seeks.

4.     The "Cost Computation and Appeal Briefing" Component

The defendants finally object on two grounds to the portion of the Bill of Costs that seeks reimbursement for the burdens Joza incurred in litigating the defendants' baseless objections to my Order awarding costs and in preparing the Bill of Costs itself.  I address each in turn.

a.     Costs Of Litigating Objections To The Order

The defendants argue that the Order itself does not require the reimbursement of costs associated with the appeal of the Order itself – an appeal that the defendants note they had an absolute right to pursue – and that even if it did such a sanction "would have an inappropriately punitive and chilling effect upon litigants who have matters referred to a magistrate judge." Objections at 11.  I disagree for a number of reasons.

First, as a technical matter, the Order extended to all costs "associated with the sanctions motion itself."  Order at 7.  The costs that Joza incurred in responding to the defendants' appeal of the relief I awarded on the basis of Joza's motion for sanctions is plainly within the scope of that Order.

Second, although the defendants unquestionably have a statutory and constitutional right to seek review of any order I enter with which they disagree, that does not necessarily mean that seeking such review is always the reasonable choice.  Nor does it mean that, having made such a

9

choice reasonably or unreasonably, a litigant who seeks such review is shielded against the possibility of reimbursing its adversary for costs that the adversary should never have had to bear. The defendants chose to pursue review of my Order – a challenge that required them to satisfy the extremely deferential standard of demonstrating that the Order was clearly erroneous or contrary to law, *see* DE 46 at 4-5 (citing legal authorities) – by making arguments that the district court found in part to be "patently ridiculous." DE 46 at 6. In so doing, they exacerbated the harm to Joza that they never should have caused.

Federal Rule of Civil Procedure 37 empowers a court to shift costs – or to impose other, more severe sanctions – to achieve a just balancing of the burdens of pretrial litigation. Such a just balancing of burdens requires that the defendants reimburse Joza for *all* of the costs of litigating the issues relating to the request for reservation faxes, including the motion for sanctions and the review of my disposition of that motion. Even viewing the record in the light most favorable to the defendants, their handling of such issues has needlessly imposed burdens on Joza. Specifically, the defendants have twice sand-bagged her with information that should have been provided long before – the non-existence of the requested reservation faxes, and Choloram's disavowal of Joza's report of his statements to her – and then went on to defend their improper conduct with frivolous and repetitive arguments. Under such circumstances, requiring the defendants to reimburse Joza's costs in full will chill no legitimate conduct; the only chilling effect such a sanction might have – and that it should have – is to deter these defendants, and possibly others like them, from continuing to engage in such abusive tactics.

b.      Costs Of Preparing The Bill Of Costs

In the final paragraph of their argument, the defendants object to the hours that Joza

claims for preparing her bill of costs.  Objections at 11-12.  To the extent the defendants object to

paying any such fees because I did not provide for such relief in my Order of February 24, 2009, I

disagree for the reasons set forth in the preceding section of this discussion.  To the extent that

they argue the amount sought for such purposes is excessive, I agree, but only to a small extent.

The defendants argue that they "should not have to pay for the preparation of invoices

that should have already existed[.]"  *Id*.  What they appear to ignore is the fact that Joza's counsel

could not simply reproduce their contemporaneous time records from the relevant period and ask

to have all of the hours reimbursed.  Instead, Joza's counsel was required – under the legal

provision that the defendants elsewhere incorrectly fault Joza's counsel for ignoring, 28 U.S.C.

§ 1924 – to review the invoices and reproduce only those portions reflecting work that had been

actually and necessarily performed in connection with the matters for which I ordered

reimbursement.  Such a review necessarily required time and effort, and Joza is entitled to be

reimbursed for it.

While I therefore disagree with the defendants' argument, I am nevertheless concerned

that the time charged for preparing the Bill of Costs is somewhat excessive.  The defendants

complain about Joza's counsel's "expenditure of 5.9 hours of time (at a cost of $1,025)[,]." *id*. at

11, but having reviewed the Bill of Costs, I can find only 5.4 hours claimed for such purposes, at

a total cost of $900.[6]  I will reduce the latter amount by 20 percent, or $180.  Joza has claimed a

_____

[6]  The defendants have not specified the billing entries that they believe to be associated with
preparation of the Bill of Costs; as a result, I am unable to determine the precise reason for the
difference between their reading of the bill and mine in this respect.

11

total of $4,925 for the "Cost Computation and Appeal Briefing" component of her Bill of Costs;

because I find that all of that claim except for $180 is supportable, I award $4,745 on this

component.

      D.    <u>Conclusion</u>

      For the reasons set forth above, I direct the defendants to reimburse plaintiff Jenny Joza

for the costs that they unreasonably imposed on her, in the total amount of $30,059.51.  The

defendants are jointly and severally responsible for paying that amount, and I direct that they do

so forthwith.  To the extent the defendants wish to defer making such payment until they have

had an opportunity to seek review of this order, I direct the defendants to file a bond in the full

amount I have ordered them to pay.  *See* Loc. Civ. R. 54.2.

      **SO ORDERED.**

Dated: Brooklyn, New York
      October 13, 2009

                        <u>/s/ James Orenstein   </u>
                        JAMES ORENSTEIN
                        U.S. Magistrate Judge