UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JENNY JOZA,

                                  Plaintiff,

-against-

WW JFK LLC (current name HIGHGATE JFK, LLC),
dba, RAMADA PLAZA HOTEL;
and, as individuals, MARY BIRMINGHAM, ALI
CHIANI, ROBERT SANTUCCI, and RENE
PEREIRA,

                                Defendants.
------------------------------------------------------------ x

MEMORANDUM & ORDER

07-CV-4153 (ENV)(JO)

VITALIANO, D.J.

On November 26, 2008, plaintiff Jenny Joza filed a motion seeking the imposition of sanctions against defendants for alleged spoliation of evidence. She claimed that her employer, defendant Ramada Plaza Hotel ("Ramada"), had destroyed documents that she had requested during discovery in this action. In a supplemental submission in support of that motion, plaintiff also sought reimbursement of her reasonable costs, including attorneys' fees, that arose from her efforts to obtain discovery. On June 24, 2009, this Court upheld Magistrate Judge Orenstein's award of "reasonable costs" associated with plaintiff's motion to compel evidence and motion for sanctions. On October 13, 2009, Magistrate Judge Orenstein awarded Joza $30,059.51. Defendants filed their objection to the October 13, 2009 order on October 27, 2009. For the reasons set forth below, the order is affirmed in its entirety, and defendants are ordered to pay the full award of $30,059.51 to plaintiff.

## BACKGROUND

Familiarity with the facts relating to the discovery dispute as well as the underlying

action is presumed.[1] On March 2, 2008, in the midst of discovery, plaintiff requested that defendants produce copies of certain reservation facsimiles (the "faxes") containing timestamps that that she claimed that she regularly prepared during the course of her employment; the information in the faxes would, she claimed, help establish the number of hours that she actually worked. On multiple occasions, defendants refused to produce the documents, asserting that the request was "overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence." (See Plaintiff's Reply to Defendants' Memorandum in Opposition to Motion for Sanctions, Document No. 40 of Docket No. 07-CV-4153, at 2.) On October 13, 2008, plaintiff filed a motion to compel defendants to produce the documents. On October 24, 2008, in response to plaintiff's motion to compel, Magistrate Judge Orenstein held a telephonic conference during which he "ordered the defendants to provide Joza with an opportunity to review a representative sample of the faxes at issue to determine whether her request was reasonably calculated to lead to the discovery of admissible evidence." (See Doc. No. 41, at 2.) Defendants did not comply, but, on November 10, 2008, defendants did inform Joza, for the first time, "that the faxes had not been retained and were no longer available for production." (Id. at 3.) When Joza made a scheduled visit to the defendants' counsel's offices to review files on November 14, 2008, the faxes were not among the documents made available to her by defendants.

On November 26, 2008, plaintiff filed a motion for sanctions for spoliation of evidence. Plaintiff argued that a hotel employee, Indrapaul Choloram, had told her that defendant Robert Santucci had ordered him and another employee to destroy boxes containing records from the

---

[1] For a more detailed discussion of the facts and background, see the Court's Memorandum and Order denying plaintiff Joza's motion for sanctions but directing defendants to reimburse Joza reasonable fees associated with her attempts at discovery. (See Memorandum and Order, Document No. 41 of Docket No. 07-CV-4153, dated February 24, 2009 ("Doc. No. 41").)

years 2000 to 2004 including files in which Joza believes the faxes were kept. Three days before Magistrate Judge Orenstein was to hold an evidentiary hearing on the motion, defendants produced an affidavit from Choloram in which he denied Joza's claims. With this new information, the parties agreed to forgo the evidentiary hearing.

On February 24, 2009, Magistrate Judge Orenstein issued an order denying Joza's request for the imposition of sanctions based on defendants' alleged spoliation of evidence, but added that she should not be burdened with the cost of "seeking to vindicate her legitimate discovery rights through litigation made necessary by the defendants' unjustifiably incorrect discovery responses." (Doc. No. 41, at 1, 7.) He wrote, "[a]t a minimum, Joza is entitled to recoup all of her reasonable costs, including attorneys' fees, arising from the motion to compel production of the faxes and the resulting steps she was forced to take to determine the disposition of the faxes up until her motion for spoliation sanctions." (Id. at 6.) Accordingly, Magistrate Judge Orenstein ordered that defendants reimburse plaintiff all her reasonable costs, including attorneys' fees, arising from the motion to compel through the sanctions motion itself. (Id. at 6-7.) Magistrate Judge Orenstein's order was affirmed by this Court. (See Memorandum and Order, Document No. 46 of Docket No. 07-CV-4153, filed June 25, 2009 ("Doc. No. 46").)

Plaintiff served a bill of costs, dated July 14, 2009, requesting $34,055.20. On October 9, 2009, defendants submitted their objection, stating that (1) the individual defendants objected to the entirety of the bill of costs on the grounds that their conduct is not at issue; (2) Ramada objected to the entirety of the bill of costs on the grounds that its discovery responses were not untimely or inaccurate; (3) all defendants objected to the bill of costs in its entirety because it was procedurally improper; (4) and all defendants objected to the bill of costs in its entirety because the time for which reimbursement was claimed was not related to the facsimile

documents issue. (See Defendants' Objection to Plaintiff's Bill of Costs, Document No. 70 of Docket No. 07-CV-4153("Doc. No. 70").)

On October 13, 2009, Magistrate Judge Orenstein addressed and disposed of the majority of defendants' claims, awarding Joza $30,059.91 and requiring defendants to post a bond for the full amount, were they to seek a review of his Order. (See Memorandum and Order, Document No. 76 of Docket No. 07-CV-4153, filed October 13, 2009 ("Doc. No. 76").) On October 27, 2009, defendants filed their objections to the Order. (See Defendants' Objection to the Magistrate Judge's October 13, 2009 Memorandum and Order Awarding Costs to Plaintiff, Document No. 87 of Docket No. 07-CV-4153, dated October 27, 2009 ("Doc. No. 87").) In their objections, defendants repeated many of the arguments previously asserted in their October 9, 2009 objections to the bill of costs, arguing as well that Magistrate Judge Orenstein had no basis for requiring the issuance of a bond.[2]

## STANDARD OF REVIEW

A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rule of Civil Procedure 72 to make findings as to nondispositive pretrial matters and to issue an order that is binding in and of itself. See 28 U.S.C. § 636(b)(1)(A) (stating that a district court judge "may designate a [magistrate judge] to hear and determine any pretrial matter pending before the court .... A [district court] judge ... may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law."); FED. R. CIV. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. ... The district judge in the case must consider timely objections and

---

[2] The bond was posted on November 12, 2009.

4

modify or set aside any part of the order that is clearly erroneous or is contrary to law."); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). More specifically, "[m]onetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Sara Lee Corp., 900 F.2d at 525. Because the instant matter is a nondispositive discovery-related matter, disposition of it by a magistrate judge in the form of an order, and not a report and recommendation, was appropriate. See id.; Sheppard v. Beerman, No. 91-CV-1349, 1999 U.S. Dist. LEXIS 16570, at *4-*5 (E.D.N.Y. Sept. 23, 1999).

Although a party may file objections to a magistrate judge's nondispositive pretrial order, the district judge cannot modify or set aside such an order unless it is found to be "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); see also Sara Lee Corp., 900 F.2d at 525; Sheppard, 1999 U.S. Dist. LEXIS 16570, at *4-*5. This highly deferential standard of review imposes a "heavy burden" on the party challenging the order. Com-Tech Assocs. V. Computer Assocs. Int'l, Inc., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990). The Supreme Court has emphasized that an order can be found "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Similarly, an order can be deemed "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

**DISCUSSION**

A. Defendants' Objections

Defendants challenge the October 13, 2009 Order on three grounds. First, the individual

5

defendants object to their inclusion in any order directing them to reimburse plaintiff for any costs or attorneys' fees associated with the facsimile issue or dispute. Specifically, they object because the discovery responses that were found to have been inaccurate and/or not carefully formulated were not the responses of any of the individual defendants but, rather, were the discovery responses of Ramada. Second, they reject the entirety of the bill because, they contend, the time for which reimbursement is claimed is not related to the faxes at issue. Finally, defendants argue that Magistrate Judge Orenstein had provided no basis for requiring defendants to post a security bond for the amount of the award.

1. Individual Defendant Liability

The individual defendants argue that Ramada alone should pay any costs since the initial discovery request was directed solely at the hotel. Such an argument has already been rejected by this Court. (See Doc. No. 46). As stated in the Court's June 24, 2009 Order, "[a]s the discovery dispute roiled, it was clear that all defendants spoke with one voice" and Magistrate Judge Orenstein "treated the response...as a unitary response from all defendants. Effectively, all defendants participated in the disinformation discovery strategy and all defendants ultimately failed to comply with the order that should have and did flow directly from that strategy. Consequently, the relief ordered by Magistrate Judge Orenstein to defray the unnecessary expenses incurred by Joza occasioned by that joint defense strategy was properly entered against all defendants." (Id. at 7-8.) Even if free to, the Court declines to change tack. Thus, as before, all of the defendants are liable for their collective refusal to comply with discovery requests, and Magistrate Judge Orenstein properly ordered relief against all of the defendants.

2. Billing Period's Relation to the Facsimile Issue

Defendants' objections to each of the four components of plaintiff's bill of costs—"pre-

motion to compel," "motion to compel," "spoliation," and "cost computation and appeal briefing"—were asserted previously. In fact, defendants' arguments on the current motion were copied word-for-word from the defendants' objections to plaintiff Joza's Bill of Costs. (See Doc. No. 70.) They add, in short, nothing new to their contentions before Judge Orenstein that "[n]either the bill of costs, nor the invoices attached thereto, make any attempt to explain how the generic time entries contained on the invoices relate to services made necessary by any failure of Defendants to provide a timely and accurate response concerning facsimile records." (Doc. No. 87, at 4.)

As a preliminary matter, the Court agrees with Magistrate Judge Orenstein's application of an "across-the-board" percentage cut on the "pre-motion to compel" and "motion to compel" components of the bill. (See Doc. No. 76, at 5-6.) Magistrate Judge Orenstein acted in accordance with plainly established federal law. See, e.g., In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) ("[T]he . . . court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application.'" (quoting N.Y. State Ass'n. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983))). The Court further finds that Judge Orenstein's reduction relating to the costs of preparing the bill of costs was appropriate. (See Doc. No. 76, at 11-12.)

Moreover, and at the crux of the objection, the Court finds that Judge Orenstein's order was neither clearly erroneous nor contrary to law. Regarding the pre-motion to compel component, the Court agrees with the magistrate judge:

> [Defendants] assert – but provide no supporting affidavit or declaration in support of their assertion – that their objection to the faxes had not been in dispute prior to October 2008. I reject the latter assertion as a basis for objection: especially in light of their demonstrably false objection about Joza's failure to include sufficient evidence supporting the Bill of Costs, I am reluctant to rely on a factual assertion that the defendants make only in

7

> a memorandum of law. Moreover, whether or not the production of the
> faxes was in dispute prior to October 2008 is largely irrelevant: the
> burden that the defendants imposed on Joza and her counsel arose from
> their creation of a false impression that the faxes existed to be produced.

(Doc. 76, at 4.) Defendants' objection to the motion to compel component is similarly doomed.

Defendants object to the entirety of the "spoliation" period costs. The Court finds that Magistrate Judge Orenstein properly included these costs in his award of "costs associated with the sanctions motion itself." (Doc. No. 41, at 7.) Although the time that plaintiff's attorneys spent researching and litigating her spoliation claim did not culminate in a favorable ruling, the time was nonetheless accrued directly because of defendants' failure to accurately and timely respond to Joza's request for the faxes. See Creative Res. Group of N.J., Inc. v. Creative Res. Group. Inc., 212 F.R.D. 94, 102 (E.D.N.Y. Oct. 29, 2002); see also id. at 103 (awarding plaintiff attorneys' fees for "motion to compel and [] seeking to have the orders that flowed from those motions enforced " where defendants continually delayed producing requested documents, then later admitted that the documents never existed).

Finally, regarding the "cost computation and appeal briefing" billing period, defendants argue that charging them for the time Joza's attorneys spent litigating the challenge to Magistrate Judge Orenstein's February 24, 2009 order would "have an inappropriately punitive and chilling effect upon litigants who have matters referred to a magistrate judge," and infringe upon the "constitutional right to object to [magistrate judges' orders.]" (Doc. 87, at 11.) As Magistrate Judge Orenstein made clear in his opinion, defendants are responsible for costs associated with the sanctions motion itself. (Doc. No. 76, at 9; Doc. No. 41, at 7.) The Court has no trouble agreeing with him that "[t]he costs that Joza incurred in responding to the defendants' appeal of the relief I awarded on the basis of Joza's motion for sanctions is plainly within the scope of that

Order." (Doc. No. 76, at 9.) Beyond that—as the Court noted previously, (see Doc. No. 46, at 5)—Federal Rule of Civil Procedure 37(b)(2)(C) mandates the imposition of reasonable costs on a party who has disobeyed a discovery order. See FED. R. CIV. P. 37(b)(2)(C). The Court notes here, as it did concerning the February 24, 2009 order, that, "[g]iven the[] circumstances, Magistrate Judge Orenstein's order was not only just, but frankly, restrained." (Doc. No. 46, at 6.) Defendants' remaining, reargued contentions are similarly meritless; Magistrate Judge Orenstein's order will not be disturbed on this ground, either.

3.  Security Bond for Costs

Lastly, defendants argue that Judge Orenstein erred in requiring defendants to post a bond for the amount of the award ($30,059.51). Specifically, defendants argue that the magistrate judge provided no legal basis for requiring them to post a bond.

Defendants are incorrect: in directing defendants to file a bond, Judge Orenstein cited Local Civil Rule 54.2 of the United States District Courts for the Southern and Eastern Districts of New York, which states, "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." In addition, "[c]osts for which security may be ordered under this rule include attorneys' fees if a party is potentially entitled to recover such fees by statute," see, e.g., Pfizer Inc. v. Y2k Shipping & Trading, Inc., 207 F.R.D. 23, 25 (E.D.N.Y. Dec. 3, 2001), which, under the FLSA, plaintiff would have been had she been successful on the merits of her claim. See 29 U.S.C. § 216(b).

Beyond that, courts have identified a number of factors to determine whether a bond is appropriate, including the nonmovant's financial condition and ability to pay and the nonmovant's compliance with prior court orders. Bressler v. Liebman, No. 96-CV-9310, 1997

9

U.S. Dist. LEXIS 11963, at *8-*9 (E.D.N.Y. Aug. 14, 1997) (citations omitted); accord N'Jal v. NYS Higher Education Services Corp., 214 F.R.D. 251 (E.D.N.Y. 2003). In the run up to the issuance of the Order, Ramada's financial condition was precarious, and its ability to pay was dubious, at best. For example, defendants' counsel had indicated that the Ramada Hotel was scheduled to be closed no later than December and that, upon closure, it would have no assets and no operating business. (See, e.g., Declaration of Susan T. Edwards in Support of Plaintiff's Emergency Motion for Pre-Judgment Attachment, Exhibit B, Document No. 54-2 of Docket No. 07-CV-4153, filed September 30, 2009.) Given the uncertainty of Ramada's financial future, this factor weighed strongly in favor of requiring a bond. Defendants' noncompliance with Magistrate Judge Orenstein's order to produce a sample set of the faxes—as well as defendants' persistent failure to timely inform plaintiff about crucial discovery matters, which ultimately wasted both plaintiff's and the Court's time—also weighed in favor of ordering a bond. In all, there is ample support in law and the factual circumstances to find that Magistrate Judge Orenstein's order that defendants post a bond for the full amount of the award was not clearly erroneous or contrary to law.

**CONCLUSION**

After careful review of the evidence in the record below, the Court finds Magistrate Judge Orenstein's order and his reasons for it to be correct, comprehensive, and free of any clear error. The Court, therefore, adopts the Order in its entirety. Defendants are directed to pay the full amount of the award, $30,059.51, within 14 days of the entry of this Memorandum and Opinion. Upon satisfaction of the award, the bond will be vacated.

SO ORDERED.

Dated:     Brooklyn, New York
            September 9, 2010

                                              ERIC N. VITALIANO
                                              United States District Judge